UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/2022

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

       Plaintiff,

-against-

ADAM B. TANTLEFF, BOARD OF MANAGERS OF 220 RIVERSIDE BOULEVARD AT TRUMP PLACE CONDOMINIUM, and PALE HORSE REALTY, LLC,

       Defendants.

1:21-cv-07002 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

  This matter comes before the Court on Plaintiff's Motion for a Default Judgment of Foreclosure and Sale [ECF No. 25]. Plaintiff alleges that they are the holder of a note securing the mortgage on a premises at 220 Riverside Boulevard, 20D, New York, New York 10069, known on the New York County Tax Map as Block 1171 and Lot 1558. [ECF No. 1 at 1] ("Compl."). Plaintiff asserts that the mortgage encumbering the property is in default, and accordingly seeks to foreclose on the mortgage. Compl. ¶ 14-20.

  Plaintiff names as defendants in this action Adam Tantleff, the owner of the unit and borrower of the loan, Compl. ¶ 3; Pale Horse Realty, LLC, a holder of a subordinate mortgage against the borrower "and/or property," Compl. ¶ 5, and the Board of Managers of 220 Riverside Boulevard at Trump Place Condominium, Compl. ¶ 4.

  Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, contending that the action "is between citizens of different states" and that the amount in controversy exceeds $75,000.00. Compl. ¶ 7. The plaintiff "must allege a proper basis for jurisdiction in his pleadings." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). This

Court has an independent obligation to consider its subject matter jurisdiction over a case pending before it. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (*citing Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Plaintiff pleads that it is a citizen of the Cayman Islands and Florida. Compl. ¶ 2. Plaintiff also pleads that Adam Tantleff is a citizen of New York, by virtue of his residing at the at-issue property located in Manhattan, Compl. ¶ 3, and that Pale Horse Realty LLC is a citizen of New York by virtue of its sole member's citizenship, Compl. ¶ 5. *See Flemming v. Port Authority of New York and New Jersey*, No. 21 Civ. 1112, 2021 WL 878558, at *1-2 (E.D.N.Y. Mar. 9, 2021) (the citizenship of an LLC is determined by the citizenship of its individual members).

Plaintiff insufficiently pleads that The Board of Managers of 220 Riverside Boulevard at Trump Place Condominium, a party to this action as lienor for unpaid common charges, is "[f]or diversity purposes . . . a citizen of New York." Compl. ¶ 4. A Board of Managers "is deemed a citizen of all the states in which individual unit owners are citizens" unless the board has incorporated. *RL 900 Park, LLC v. Ender*, 2021 U.S. Dist. LEXIS 35469, at *18-19 (S.D.N.Y. Feb. 25, 2021); *Francesco v. Beacon Court Condominium*, 2009 U.S. Dist. LEXIS 3826, at *5-8 (S.D.N.Y. Jan. 6, 2009). Plaintiff has not attempted to make a showing that the Board of Managers has incorporated, and has failed to allege the citizenship of any unit owners in the condominium.

Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiff has not met its burden to

2

demonstrate subject matter jurisdiction in the Complaint because the diversity of the Board of Managers is entirely unknown.  If an owner of an individual unit were a citizen of the Cayman Islands or Florida, diversity jurisdiction would not be proper.  Therefore, the Court cannot be certain that it has subject matter jurisdiction to hear this case.

Accordingly, the Court grants Plaintiff leave to file an amended pleading curing the deficiency identified herein.  Any amended pleading shall be filed on or before September 1, 2022.  The Court DENIES without prejudice the Motion for a Default Judgment of Foreclosure and Sale [ECF No. 25].  The Court also DENIES without prejudice the procedurally improper Cross-Motion for Default Judgment filed by defaulting defendant Pale Horse Realty, LLC [ECF No. 34].

**SO ORDERED.**

**Date:   August 1, 2022**
             **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**