UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/14/2023  
```

GREEN MOUNTAIN HOLDINGS
(CAYMAN) LTD.,

                    Plaintiff,

        -against-

ADAM B. TANTLEFF, et al.,

                    Defendants.

1:21-cv-7002 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Pending before the Court is a motion for default judgment in this action—seeking a Judgment of Foreclosure and Sale—which Plaintiff filed against Defendant Adam Tantleff [ECF No. 44], and a cross-motion for default judgment filed by Defendant Pale Horse Realty, LLC [ECF No. 53]. The Court held a default hearing on these motions on May 17, 2023. Defendant Tantleff did not appear.

Upon careful review of the motions and the supporting documentation, the Court determined that full payment of the indebtedness on the Note held by Plaintiff Green Mountain Holdings (Cayman) Ltd. ("Green Mountain") is due and owing; and that full payment of the indebtedness on the Note securing the subordinate mortgage held by Defendant Pale Horse Realty, LLC ("Pale Horse") is due and owing, and accordingly, the Court ordered that judgment be entered in favor Plaintiff authorizing the sale of the mortgaged premises and payment of the indebtedness to Plaintiff with any surplus thereafter paid over to Defendant Pale Horse. In so doing, the Court directed the parties to submit a new proposed default judgment which provided a record citation in support of the calculation of interest, and which revised the location of the sale of property so that the sale would not be held in the vicinity of the Courthouse.

The parties have submitted a new proposed default judgment [ECF No. 67] together with a Declaration of Amounts Due to Plaintiff.  [ECF. No. 65].  However, the proposed default judgment does not address the concerns raised by the Court or incorporate the revisions directed by the Court.  Additionally, the new proposed default judgment was revised without explanation to state that "[i]f the grantee on such deed be Plaintiff or such governmental agency, then Plaintiff or such governmental agency shall pay the amount specified in the items marked '1st' and '2nd' **and shall not be required to pay** the amount of the aforesaid taxes, assessments, . . . ."  ECF No. 67 at 4 (emphasis added).

Because the proposed default judgment was not revised according to the Court's instructions, and because unexplained revisions were made to that judgment since the date of the default hearing, the Court cannot grant the pending motions for default judgment at this time.  By August 21, 2023, the moving parties are directed to submit a newly revised proposed judgment which (i) sets forth the authority in the Note and/or loan documents for the proposed interest calculations, (ii) is accompanied by an explanation for the latest revision stating that Plaintiff or a governmental agency, if the purchaser from of the mortgaged property at a foreclosure auction, shall NOT be required to pay taxes and assessments, and (iii) deleting the provision that the foreclosure auction be held on the steps of or in the vicinity of the Courthouse and instead designating an alternate location as clearly instructed at the May hearing.

**SO ORDERED.**

Date:  **August 14, 2023**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**