```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GREEN MOUNTAIN HOLDINGS (CAYMAN)
LTD,

                            **Plaintiff,**

              - against -

ADAM B. TANTLEFF, BOARD OF
MANAGERS OF 220 RIVERSIDE
BOULEVARD AT TRUMP PLACE
CONDOMINIUM, PALE HORSE REALTY,
LLC,

                            **Defendants,**

------------------------------------------------------------ X

<u>Civil Action</u>

No.: 21-CV-07002 (MKV)

~~PROPOSED~~ DEFAULT
JUDGMENT OF FORECLOSURE
AND SALE

On the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on August 19, 2021; on the Notice of Pendency filed in the New York County Clerk's Office; and upon Plaintiff Green Mountain Holdings (Cayman) Ltd.'s Motion for a Judgment of Foreclosure and Sale, pursuant to Rule 55 of the Federal Rules of Civil Procedure; and upon Defendant Pale Horse Realty, LLC's Cross-Motion for a provision in that Judgment of Foreclosure and Sale, pursuant to RPAPL Sections 1351 (3) and 1354 (3), directing payment of the indebtedness due upon the subordinate mortgage held by Pale Horse Realty, LLC from surplus, after full payment to Plaintiff Green Mountain Holdings (Cayman) Ltd.;

NOW, upon the Declaration of Steven Daniels, Managing Director of Plaintiff, dated May 18, 2023, and upon the declarations of Avi Mermelstein, dated January 11, 2023, and David

Ornelas, Vice President of Land Home Financial Services, Inc., dated December 23, 2022, and the exhibits thereto, the Court finds that;

The amount computed by the Court to be due on the Note held by Plaintiff Green Mountain Holdings (Cayman) Ltd. ("Green Mountain's Note") [ECF No. 1-1, Ex. C] and Mortgage is $385,744.27, including interest pursuant to Paragraph 4 of Green Mountain's Note, as set forth in the Declaration of Steven Daniels as of May 18, 2023.

The amount computed by the Court to be due on the Note held by Defendant Pale Horse Realty, LLC ("Pale Horse's Note") [ECF No. 55-1] and Mortgage is $693,824.84, including interest [at 4.99%] pursuant to Paragraphs 5 and 6 of Pale Horse's Note, as of December 13, 2022, as set forth in the Declaration of David Ornelas, Vice President of Land Home Financial Services, Inc., December 23, 2022, accompanying Defendant Pale Horse Realty LLC's Cross-Motion.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction ~~to be held on the courthouse steps of the New York County Supreme Court, located at~~ [MKV]

~~60 Centre Street, New York, NY 10007,~~ by and under the direction of Mark L. McKew, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in New York Law Journal newspaper and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his/her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st   The sum of $750.00 to said Referee for his/her fees herein.

2nd   The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd   The sum of $385,744.27 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from May 18, 2023 and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon as allowed by Green Mountain's Note and Mortgage, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

4th     And also the sum of $693,824.84 (inclusive of costs), the amount computed by the Court and adjudged to defendant Pale Horse Realty, LLC, with interest from December 13, 2022, or so much thereof as the purchase money of the mortgaged premises will pay of the same subsequent to Plaintiff's payment in full pursuant to paragraph "3rd"; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his/her duly appointed designee shall take the receipts of Plaintiff and defendant Pale Horse Realty, LLC, if any, or their attorneys for the amounts paid as directed in items marked "3rd" and "4th", respectively, and shall file them with his/her report of sale. That said Referee or his/her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof be filed with the said Referee or his/her duly appointed designee, then said Referee or his/her duly appointed designee shall not require Plaintiff to pay in cash the entire amount bid at such sale, but shall execute and deliver to Plaintiff a deed to the premises upon payment to the Referee or his/her duly appointed designee, so much of the bid amount as to satisfy the amounts specified in the items marked "1st" and "2nd" above; that the Referee or his/her duly appointed designee shall allow the Plaintiff to pay the amounts specified in "2nd" above when it is recording the deed; that said Referee or his/her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff, to the amounts due Plaintiff in the item marked "3rd", and that Plaintiff pay to the Referee any surplus over and

above said the sum of the items marked "1st," "2nd" and "3rd", and that said Referee or his/her duly appointed designees shall disburse said surplus to defendant Pale Horse Realty, LLC, up to the amount set forth in the item marked "4th" and shall deposit any remaining surplus as hereinabove directed.

In the event that defendant Pale Horse Realty, LLC is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Pale Horse Realty, LLC and a valid assignment thereof be filed with the said Referee or his/her duly appointed designee, then said Referee or his/her duly appointed designee shall not require said defendant to pay in cash the entire amount bid at such sale, but shall execute and deliver to Pale Horse Realty, LLC a deed to the premises upon payment to the Referee or his/her duly appointed designee so much of the bid amount as to satisfy the amounts specified in the items marked "1st," "2nd," and "3rd" and said Referee or his/her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by said defendant to the amounts due said defendant in the item marked "4th," and that said defendant pay to said Referee or his/her duly appointed designee any surplus over and above the sum of the items marked "1st," "2nd", "3rd", and "4th," and that said Referee or his/her duly appointed designee shall deposit any remaining surplus as hereinabove directed.

**ORDERED, ADJUDGED AND DECREED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his/her duly appointed designee shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his/her duly appointed designee shall specify the amount of such deficiency in his/her report of sale, the Plaintiff shall recover from Defendant Adam B. Tantleff the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his/her duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or any or either of them, after filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public

utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. Said premises commonly known as 220 Riverside Boulevard, 20D, New York, New York 10069. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: New York, New York

      August 22 , 2023

                                        *Mary Kay Vyskocil*
                               The Honorable Mary Kay Vyskocil
                               United States District Court Judge

**SCHEDULE A**
**DESCRIPTION**

**Block 1171 and Lot 1558**

The Residential Unit known as Residential Unit No. 20D (the "Unit") in the Building known as 220 Riverside Boulevard at Trump Place, 220 Riverside Boulevard, in the Borough of Manhattan, City, County and State of New York (the "Building"), designated in the Declaration establishing a plan for condominium ownership of the Building and the land upon which the Building is situated (said Building and land referred to herein as the "Property" or the "Condominium") dated October 4, 2002 made by Hudson Waterfront Company B, LLC, as Declarant pursuant to Article 9-B of the Real Property Law of the State of New York (the "Condominium Act") and recorded in the Office of the Register of the City of New York in the County and State of New York (the "City Register's Office") on October 23, 2002 in Reel 3642 at Page 1961.

The Unit is also designated as Tax Lot 1558 in Block 1171 of Section 4 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York and on the floor plans of the Building, certified by Costas Kondylis & Associates PC, Registered Architect on October 17, 2002 and filed with the Real Property Assessment Department of the City of New York on October 17, 2002 as Condominium Plan No. 1262, and also filed in the City Register's Office on October 23, 2002 as Map No. 5931.

TOGETHER with an undivided 0.1598% undivided interest in the Common Elements (as such term is defined in the Declaration) appurtenant to the Unit (hereinafter called the "Common Elements").

Premises known as 220 Riverside Boulevard, 20D, New York, New York 10069